OPINION
{¶ 1} Anthony Morgan was charged in the Springfield Municipal Court with operating a motor vehicle while under the influence of alcohol and driving while under suspension. Morgan moved to suppress the observations made by the arresting officer *Page 2 
and any statements made by Morgan to include his refusal to submit "to alcohol or drug analysis."
 {¶ 2} The facts underlying Morgan's arrest were provided at the suppression hearing and are set out in the State's brief:
 {¶ 3} On March 24, 2007, Sheriff's Deputy George Bennett was on duty in a patrol car heading southbound on State Route 235, approaching the turn lane to make a left-hand turn onto U.S. 40 eastbound. At that time, Bennett observed Morgan driving northbound on State Route 235 outside the marked lane of travel, left of center, in the strike zone of the turn lane he was getting ready to enter. (T. 7.) Bennett said once he observed Morgan's lane violation, he turned his vehicle around and stopped Morgan's vehicle. (T. 8.) Bennett said he asked Morgan for identification and Morgan provided him with a court document permitting him driving privileges.
 {¶ 4} Bennett testified he smelled the odor of alcohol while speaking to Morgan, who was seated in his vehicle. Bennett said he asked Morgan if he had been drinking and Morgan said he had been earlier in the day. (T. 9.) Bennett testified he asked Morgan to exit his car and walk back to Bennett's cruiser. Bennett said he asked Morgan why he was driving outside the court-permitted time period, but Morgan could provide no reason for doing so. (T. 10, 11.) Bennett said he then asked Morgan to perform some field sobriety tests which he refused. Bennett said he then placed Morgan under arrest. Bennett said he then transported Morgan to the Clark County Jail where he requested that Morgan take a breathalyzer, which Morgan refused. (T. 12.)
 {¶ 5} At the conclusion of the hearing, Morgan raised for the first time the *Page 3 
specific issue that Deputy Bennett lacked reasonable grounds to believe that he was driving while under the influence of alcohol so that he could lawfully request that he perform field sobriety tests.
 {¶ 6} In granting Morgan's suppression motion, the trial court noted that Officer Bennett had adequate grounds to stop Morgan's vehicle, but he did not have grounds to require Morgan to undergo field sobriety tests or a breathalyzer. The trial judge noted as follows:
 {¶ 7} "When reviewing whether a police officer had a reasonable, articulable suspicion to order an individual to perform field-sobriety tests (FST's), the officer's decision `must be viewed in light of the totality of the surrounding circumstances.' State v. Bobo (1998), 37 Ohio App.3d 177.
 {¶ 8} "The Second District Court of Appeals has held that traffic violations of a de minimis nature are not sufficient, even when combined with a slight odor of an alcoholic beverage and an admission to having consumed `a couple' of beers, to support a reasonable and articulable suspicion of driving under the influence. State v. Spillers (March 24, 2000), Darke App. No. 1504. State v. Dixon (December 1, 2000), Greene App. No. 2000-CA-30.
 {¶ 9} "Here, Deputy Bennett observed the defendant commit one marked lane violation of a de minimis nature. Deputy Bennett noticed a smell of an alcoholic beverage from the defendant, although in his testimony the deputy did not characterize the intensity of that smell. The defendant acknowledged having consumed some alcohol earlier in the day. The Court finds that the facts in this case are quite similar to *Page 4 
those in Spillers and Dixon, in each of which the Court of Appeals concluded that there was no reasonable suspicion justifying the imposition of field sobriety testing. On the authority ofSpillers and Dixon, the Court concludes that there was no reasonable and articulable suspicion justifying the detention of Defendant Morgan for field sobriety testing.
 {¶ 10} "The Court also concludes that the facts noted above did not establish probable cause for the arrest of Defendant Morgan for Operating a Vehicle under the Influence (OVI).
 {¶ 11} "The Court further finds that the facts did establish sufficient cause for the issuance of a marked lanes citation, and upon Deputy Bennett learning of the defendant's suspended license, there was probable cause for the arrest of the defendant for Driving Under Suspension (R.C. 4511.14) (DUS).
 {¶ 12} "The first branch of the motion is granted insofar as it relates to the detention of the defendant for field sobriety testing, probable cause for arrest for OVI, and evidence of the defendant's refusals of field sobriety and breath testing. The first branch of the motion is overruled insofar as it relates to the stop of the defendant for a marked lanes violation and probable cause for arrest for DUS."
 {¶ 13} In its first assignment of error, the State argues that the trial court erred in finding Morgan's lane violation to be a "de minimis" traffic violation. In Spillers, we did not disturb the trial court's finding that the defendant's crossing white-line markings three times and driving on the yellow line were "de minimis" traffic violations. The State argues that Morgan's traffic violation is indicative of careless driving and of his inability *Page 5 
to control his truck safely when there was another car in the area. Morgan, for his part, argues that Officer Bennett did not testify that Morgan almost hit him, and he did not explain the significance of a "strike zone." We agree with the trial court's determination that Morgan's traffic violation was a de minimis one.
 {¶ 14} In its second assignment, the State argues that the trial court erred in finding that Deputy Bennett did not have reasonable and articulable suspicion to justify the continued detention of Morgan so that he could require Morgan to perform field sobriety tests. The State argues that, under the totality of circumstances confronting Officer Bennett, he had reasonable suspicion to believe Morgan was driving his truck while intoxicated. The State argues that Morgan committed a dangerous traffic violation, was driving late in the evening with an odor of alcohol, and admitted to consuming alcohol earlier in the day. Morgan, for his part, notes that Deputy Bennett never characterized the odor of alcohol he smelled nor did he state it was coming from the breath or person of Bennett. Morgan notes that Deputy Bennett never testified that he observed any indicia of Morgan's possible intoxication. Morgan notes that Deputy Bennett never testified that he slurred his speech in talking to Bennett, had bloodshot eyes, or had any difficulty exiting his truck and walking to the deputy's cruiser.
 {¶ 15} As a general matter, determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal. Ornelas v.U.S. (1996), 517 U.S. 690, 116 S.Ct. 1657, 134 L.Ed.2d 911. We agree with the trial court that Deputy Bennett did not have a reasonable and articulable suspicion to justify the detention of Morgan for the administration of sobriety tests. In Spillers, we affirmed the trial court's finding that *Page 6 
Spillers' commission of de minimis marked-lane violations, coupled with the officer's detection of a "slight" odor of alcohol and Spillers' admission that he had a couple of beers, was insufficient articulable suspicion to justify the defendant's detention for field sobriety testing. The facts in this case are quite similar to those inSpillers. The second assignment of error is Overruled.
 {¶ 16} In the State's third assignment, it argues the trial court erred in finding that Deputy Bennett lacked probable cause to arrest Morgan for operating a motor vehicle while under the influence of alcohol. The State argues that Deputy Bennett had probable cause to arrest Morgan because Morgan committed a turn violation, drove beyond the scope of his driving privileges, admitted drinking alcohol earlier and refused to submit to field sobriety testing. Morgan cites several cases from this district suggesting that the facts present in this case would not support probable cause to arrest an individual for operating a motor vehicle under the influence of alcohol.
 {¶ 17} "Against the evidence suggesting the possibility that Beagle might be under the influence of alcohol is some countervailing evidence. This would include: (1) his having had no trouble in exiting his vehicle or walking back to Bitler; (2) the lack of any slurred or mumbled speech; (3) the lack of any bloodshot or red eyes; (4) the fact that Beagle's clothes were neither soiled nor disorderly; (5) the fact that Beagle had no difficulty producing his license when requested to do so; (6) the fact that Beagle took no unusual actions, and made no unusual statements; and (7) the fact that Beagle used no vulgar or abusive language. When all these facts are considered in their totality, we conclude that Bitler had, at most, a reasonable suspicion that Beagle may have been *Page 7 
under the influence of alcohol. We agree with Beagle that the totality of these circumstances, when the results of the field sobriety tests are excluded, do not rise to the level of probable cause to believe that Beagle was under the influence of alcohol. State v. Beagle, Clark County App. No. 2002-CA-59, 2003-Ohio-4331, 2003 WL 21949757.
 {¶ 18} "In the present case, the State relies on several facts and circumstances to support its argument that Officer Engelhardt had probable cause to arrest Stritch for driving while under the influence of alcohol even absent the HGN test. First, the State stresses that Engelhardt saw Stritch's truck move approximately three feet across the center line three times. Second, the State notes that upon initiating a traffic stop, Engelhardt detected the odor of alcohol and Stritch admitted consuming four beers. Having reviewed the trial court's ruling and the videotape of the field sobriety tests, we conclude that Officer Engelhardt lacked probable cause to arrest Stritch. Without question, the driving observed by Engelhardt militates in favor of finding probable cause to arrest Stritch for driving while under the influence of alcohol. Likewise, the fact that Stritch smelled of alcohol and admitted consuming four drinks weighs in the State's favor.
 {¶ 19} "In our view, however, all of the remaining evidence in this case supports the trial court's finding of no probable cause. Although Stritch admitted drinking four beers, Officer Engelhardt never inquired about the time period over which they were consumed. Thus, Stritch's admission to drinking carries less weight in our probable cause calculus than it otherwise might. We also note the absence of any testimony *Page 8 
from Engelhardt about Stritch having slurred speech or bloodshot eyes, or exhibiting other common characteristics of intoxication." State v.Stritch, Montgomery App. No. 20759, 2005 WL 678938, 2005-Ohio-1376.
 {¶ 20} Having determined that Morgan had a right to refuse to perform the field sobriety tests, his refusal cannot be considered as additional evidence to support probable cause for Morgan's arrest. The remaining evidence that Morgan committed a traffic violation and smelled of alcohol does not provide probable cause that he was operating a motor vehicle while under the influence of alcohol. The third assignment is likewise Overruled.
 {¶ 21} In its last assignment, the State argues that the trial court erred by finding that Morgan's detention was unlawful because Morgan's written motion did not put it and the court on notice that he was contending that Deputy Bennett did not have reasonable suspicion to detain Morgan for field sobriety testing. In his motion to suppress and his accompanying memorandum, Morgan argued that "there was no lawful cause to stop him or detain him." At the conclusion of the hearing, Morgan's counsel argued that there was a "lack of reasonable grounds to believe that Mr. Morgan was under the influence to request him to take the tests * * * (T. 14)." Crim. R. 47 requires that the prosecution be given notice of the specific legal and factual grounds upon which the validity of the search and seizure is challenged. State v. Shindler
(1994), 70 Ohio St.3d 54. The State was on notice that Morgan contended there were no grounds to detain him. The State does not appear to have been under any misapprehension at the hearing that it bore the burden of demonstrating that Deputy *Page 9 
Bennett had an articulable suspicion that Morgan was operating his vehicle while intoxicated as justification for requesting the sobriety tests. The last assignment is also Overruled.
Judgment Affirmed.
 FAIN, J., and GRADY, J., concur. *Page 1