[Cite as *State v. Barnes*, 2017-Ohio-8443.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**TRUMBULL COUNTY, OHIO**

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | CASE NO. 2017-T-0040 |
| JONATHAN M. BARNES, JR., | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Trumbull County Court of Common Pleas, Case No. 2016 CR 00486.

Judgment: Affirmed.

*Dennis Watkins,* Trumbull County Prosecutor, *Ashleigh Musick,* Assistant Prosecutor, and *Charles L. Morrow,* Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*David L. Engler,* Engler Law Firm, 181 Elm Road, N.E., Warren, OH 44483 (For Defendant-Appellant).

DIANE V. GRENDELL, J.

{¶1} Defendant-appellant, Jonathan M. Barnes, appeals his sentence for Trafficking in Heroin in the Trumbull County Court of Common Pleas. The issue to be determined in this case is whether a trial court violates a defendant's right to due process by commenting on the drug epidemic and drug deaths when sentencing him for Trafficking. For the following reasons, the judgment of the lower court is affirmed.

{¶2} On September 27, 2016, Barnes was indicted by the Trumbull County Grand Jury on one count of Trafficking in Heroin, a felony of the first degree, in violation of R.C. 2925.03(A)(2) and (C)(6)(f), and one count of Possession of Heroin, a felony of the first degree, in violation of R.C. 2925.11(A) and (C)(6)(e). Both counts had a firearm specification pursuant to R.C. 2941.141, and a forfeiture specification, as provided for in R.C. 2941.1417 and R.C. 2981.02 and .04.

{¶3} A Finding on Guilty Plea to the Amended-Indictment was filed on March 10, 2017. Barnes pled guilty to one count of Trafficking in Heroin, as charged in the Indictment, as well as the accompanying specifications. The State agreed to dismiss the remaining count. The court accepted the plea and entered a finding of guilt.

{¶4} A sentencing hearing was held on April 3, 2017. Barnes apologized and accepted responsibility for his actions. The State recommended a five-year prison sentence. The court noted Barnes had no prior felony convictions and stated that "the reason you're not getting the top of the line prison time is because your record is relatively minimal."

{¶5} The court asked Barnes if he knew what the "number one killer of people is today," to which Barnes responded "heroin." The court replied: "Yes. What were you doing?," to which Barnes responded, "selling heroin." The court stated:

> The epidemic * * * [has] been around for a long time and every day
> I look in the obituary and I see people that are too young to die, and
> it says they died suddenly at their home, which means they OD'd. I
> see more of those than I do shootings, die of old age. You
> understand what you did?

2

{¶6} The court sentenced Barnes to a term of five years in prison for Trafficking in Heroin and one year for the gun specification, for a total term of six years. An Entry on Sentence was filed on April 12, 2017, memorializing the sentence and stating that the court had considered the purposes and principles of felony sentencing in R.C. 2929.11 and the factors in R.C. 2929.12, as well as the record, oral statements, and presentence investigation report.

{¶7} Barnes timely appeals and raises the following assignment of error:

{¶8} "Appellant, Jonathan M. Barnes, assigns as error that the sentencing judge erred when he made statements during the sentencing hearing that rendered the sentencing hearing fundamentally unfair."

{¶9} The standard of review for felony sentences is provided by R.C. 2953.08(G)(2). "The court hearing an appeal [of a felony sentence] shall review the record, including the findings underlying the sentence or modification given by the sentencing court." R.C. 2953.08(G)(2). "Applying the plain language of R.C. 2953.08(G)(2), * * * an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1.

{¶10} Barnes does not argue that the court failed to sentence him to a term that was within the permissible range or that it failed to consider the R.C. 2929.11 and .12 factors. There is no question that the court stated it considered the factors and sentenced him within the permissible range, which, for the present case of Trafficking in

3

Heroin, is a term of three to eleven years. R.C. 2925.03(C)(6)(f); R.C. 2929.14(A)(1). Barnes received a prison term toward the lower end of that range, with the court recognizing his limited criminal record.

{¶11} Barnes emphasizes that the judge's comments about the heroin epidemic and deaths demonstrated that it improperly "enhanced" his sentence, resulting in an unfair proceeding and violating his due process rights.

{¶12} "The United States Supreme Court has recognized that even a sentence within the limits of a state's sentencing laws may violate due process if the sentencing proceedings are fundamentally unfair." *State v. Arnett*, 88 Ohio St.3d 208, 217, 724 N.E.2d 793 (2000), citing *Townsend v. Burke*, 334 U.S. 736, 741, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948); *also Gardner v. Florida*, 430 U.S. 349, 358, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977) ("[t]he defendant has a legitimate interest in the character of the procedure which leads to the imposition of sentence even if he may have no right to object to a particular result of the sentencing process").

{¶13} As the Ohio Supreme Court has explained, a sentence is properly vacated as violative of due process when a "sentencing judge's comments reveal that the court imposed or enhanced the offender's sentence because of improper considerations." *Arnett* at 218. These include the offender's race, the consideration of false or unreliable information, or parochialism. *Id.*

{¶14} Barnes essentially contends that he was given a greater sentence because of the risk drugs pose to users, although he was not alleged to have caused harm to any particular individual, emphasizing that many factors apart from drug dealing have led to the epidemic. However, he cites to no case law to support his position that

4

a judge's comments about the danger of drug use amount to a violation of due process or an enhancement of his sentence due to improper considerations.

{¶15} The judge's brief comments did not reach any conclusion as to the cause of the whole epidemic, nor did he state that Barnes was responsible for causing the epidemic or any deaths. The trial court's comments amount to a recognition of the dangers presented to society by drug trafficking, which is a relevant concern given Barnes' conviction. A judge is not prohibited from recognizing potential consequences that may result from a defendant's actions. Pursuant to R.C. 2929.11, the trial court must consider protecting the public when sentencing an offender and it is not unreasonable to consider the harm caused to the community by selling drugs in determining the seriousness of the crime and the appropriate punishment. *State v. Dari*, 8th Dist. Cuyahoga No. 99367, 2013-Ohio-4189, ¶ 8, 18 (where a defendant was convicted of selling bath salts, the trial court's statements about the drug epidemic and that "this stuff kills" were not improper and "simply took into consideration the serious[] nature of the offenses to which [the defendant] pleaded guilty"). *See also State v. McColor,* 7th Dist. Mahoning No. 11 MA 64, 2013-Ohio-1279, ¶ 10-11 (where a defendant was convicted of crimes related to his failure to confine a pit bull, the court did not violate the defendant's due process in referencing the risk of death to children posed by improperly restrained dogs).

{¶16} To the extent that Barnes argues these comments were based only on the judge's personal views, we emphasize that "[a] judge's sentencing requires the exercise of personal judgment; the court is not required to divorce itself from all personal experiences and make his decision in a vacuum." *State v. Cook*, 65 Ohio St.3d 516,

5

529, 605 N.E.2d 70 (1992). The fact that the judge's comments were based in part on observations he had made regarding the cause of deaths in the community does not mean that his comments were improper or deprived Barnes of due process.

{¶17} Given the foregoing, and in the absence of citation to any case law to the contrary, we do not find that the trial court violated Barnes' due process rights by considering the impact of drug dealing in the community.

{¶18} The sole assignment of error is without merit.

{¶19} For the foregoing reasons, Barnes' sentence for Trafficking in Heroin is affirmed. Costs to be taxed against appellant.

CYNTHIA WESTCOTT RICE, P.J.,

THOMAS R. WRIGHT, J.,

concur.

6