[Cite as *State v. Todd*, 2020-Ohio-963.]

STATE OF OHIO )  IN THE COURT OF APPEALS
                      )ss:  NINTH JUDICIAL DISTRICT
COUNTY OF WAYNE )

| STATE OF OHIO | C.A. No. 19AP0012 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| CHRISTINA TODD | WAYNE COUNTY MUNICIPAL COURT COUNTY OF WAYNE, OHIO |
| Appellant | CASE No. 2017 TR-C 011869 |

DECISION AND JOURNAL ENTRY

Dated: March 16, 2020

CARR, Judge.

{¶1} Appellant, Christina Todd, appeals the judgment of the Wayne County Municipal Court. This Court reverses and remands.

I.

{¶2} This matter arises out of a traffic stop that occurred during the early morning hours of December 3, 2017, in Doylestown, Ohio. Todd was charged with one count of driving while under the influence in violation of R.C. 4511.19(A)(1)(a), as well as one count of speeding in violation of R.C. 4511.21. Todd pleaded not guilty to the charges at arraignment.

{¶3} Todd filed a motion to suppress raising a variety of issues. The trial court held a suppression hearing on February 8, 2018. After the hearing, the trial court issued a journal entry denying the motion to suppress. Todd filed a request for additional findings of fact and conclusions of law, arguing that the trial court had not addressed her argument that law enforcement did not have a valid legal basis to detain her beyond the scope of the initial traffic

stop. Thereafter, the trial court issued a supplemental journal entry concluding that law enforcement had reasonable suspicion to extend the traffic stop to investigate whether Todd was driving while under the influence of alcohol.

{¶4} Todd subsequently appeared before the trial court for a change-of-plea hearing and entered a plea of no contest to driving while under the influence. The speeding charge was dismissed. The trial court imposed a 12-month community control sanction as well as a $600 fine. Todd's driver's license was suspended for a period of 12 months. The trial court further imposed a mandatory three-day jail sentence that could be served by attending a 72-hour driver intervention program.

{¶5} Todd successfully moved for a delayed appeal. Now before this Court, Todd raises three assignments of error.

II.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT [ERRED] IN FINDING THAT THE ARRESTING OFFICER HAD REASONABLE ARTICULABLE SUSPICION TO DETAIN APPELLANT BEYOND THE SCOPE OF THE INITIAL TRAFFIC STOP TO CONDUCT FIELD SOBRIETY TESTING.

{¶6} In her first assignment of error, Todd contends that the record does not support the trial court's conclusion that law enforcement had reasonable suspicion to extend the traffic stop to conduct field sobriety tests. Todd contends that the trial court's findings of fact were not supported by the evidence presented at the hearing. This Court agrees.

{¶7} A motion to suppress evidence presents a mixed question of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8. "When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses." *Id.*, citing *State v. Mills*, 62 Ohio

St.3d 357, 366 (1992). Thus, a reviewing court "must accept the trial court's findings of fact if they are supported by competent, credible evidence." *Burnside* at ¶ 8. "Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard." *Id.*, citing *State v. McNamara*, 124 Ohio App.3d 706 (4th Dist.1997). We emphasize, however, that "[t]his Court must only accept the trial court's findings of fact if they are supported by competent, credible evidence." *State v. Hendrix*, 9th Dist. Summit Nos. 26648, 26649, 2013-Ohio-2430, ¶ 14, quoting *State v. Figueroa*, 9th Dist. Lorain No. 09CA009612, 2010-Ohio-189, ¶ 20.

{¶8}     A police officer must simply have a reasonable suspicion of criminal activity in order to conduct field sobriety tests. *State v. Simin*, 9th Dist. Summit No. 26016, 2012-Ohio-4389, ¶ 12. "Reasonable suspicion requires that an officer be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant [the] intrusion." (Internal citations and quotations omitted.) *State v. Davenport*, 9th Dist. Lorain No. 11CA010136, 2012-Ohio-4427, ¶ 6.

{¶9}     As noted above, Todd raised a bevy of issues in her motion to suppress. The matter proceeded to a suppression hearing on February 8, 2018. At the outset of the hearing, the trial court referenced a discussion in chambers where the parties agreed that the basis for the traffic stop would not be contested at the hearing. The parties stipulated that the three contested issues would be whether there was reasonable suspicion to prolong the traffic stop, whether the field sobriety tests were administered in compliance with the National Highway Traffic Safety Administration ("NHTSA") manual, and whether there was probable cause to arrest. Officer Greg Tomasek of the Doylestown Police Department was the only witness to testify at the hearing. The State also introduced the dashboard camera video of the traffic stop. At the end of

the hearing, the trial court indicated that it would take the matter under advisement and issue a decision.

{¶10} The trial court issued a journal entry denying the motion to suppress on April 13, 2018. In support of its ruling, the trial court set forth factual findings regarding the traffic stop that occurred at approximately 3:00 a.m., December 3, 2017. The trial court analyzed three separate issues, namely the validity of the traffic stop, whether the field sobriety tests were administered in compliance with the NHTSA manual, and whether there was probable cause to place Todd under arrest. The trial court did not address whether there was reasonable suspicion to prolong the traffic stop in order to administer field sobriety tests.

{¶11} Todd promptly filed a request for findings of fact and conclusions of law wherein she stressed that the trial court's April 13, 2018 journal entry did not address whether Officer Tomasek had reasonable suspicion to detain Todd beyond the scope of the initial traffic stop to conduct field sobriety tests.

{¶12} On July 6, 2018, the trial court issued a journal entry acknowledging that it had not addressed one of the grounds set forth in Todd's motion to suppress. The trial court indicated that it was supplementing its prior journal entry by denying the motion to suppress with respect to Todd's argument that law enforcement lacked reasonable suspicion to prolong the traffic stop.[1] In reaching this conclusion, the trial court set forth the following additional findings and analysis:

> In the present case, Officer Tomasek observed the Defendant operate her vehicle at a high rate of speed and observed the Defendant to be "rigid" with her head "up against the seat" and her hands at the "10 and 2" position on the steering wheel. Officer Tomasek also observed Defendant's vehicle drift to the right across the white fog line of the road way. Officer Tomasek noticed it took the Defendant

---

[1] The trial court noted that it was incorporating the factual findings from its April 13, 2018 entry into its supplemental entry.

longer than normal to stop her vehicle and that the Defendant operated her rear window wiper for no apparent reason. Upon being asked to provide her operator's license and proof of insurance, the Defendant responded that she did not have her license on her person and provided an expired insurance card. Defendant denied drinking alcohol that evening.

The Court would note that merely driving in a rigid position with one's head up against the seat and hands at the "10 and 2" positions on the steering wheel are not indicators of impaired driving. Drifting over the white fog [line], speeding, taking longer than usual to stop, and activating her rear wiper may be, but are not always, indicators of impaired driving. The Court finds that a reasonable person would be justified in following up on the unusual driving/conduct of the Defendant to rule out alcohol impairment. Based upon the foregoing, the Court finds Officer Tomasek was justified in prolonging the traffic stop based upon reasonable and articulated suspicion of criminal activity, to wit: operating a vehicle under the influence of alcohol.

{¶13} On appeal, Todd challenges the trial court's factual findings underpinning its determination that there was reasonable suspicion to prolong the traffic stop in order to perform field sobriety tests. Specifically Todd contends that the trial court's finding that she drifted "over the white fog line" is not supported by the record. Todd further disputes the trial court's finding that she took "longer than usual to stop[.]"

{¶14} A review of the hearing transcript reveals that Officer Tomasek was in his cruiser near the intersection of Clinton Road and State Route 585 when he noticed Todd driving her SUV at a high rate of speed. After confirming that Todd was speeding by utilizing the hand-held radar unit in his cruiser, Officer Tomasek began to pursue Todd's SUV. Officer Tomasek did not testify that Todd drove over the fog line. Instead, Officer Tomasek testified that he "observed [Todd's] vehicle drift to the right towards the fog line and that's when I initiated a traffic stop." While the dashboard camera on Officer Tomasek's cruiser depicts very slight drifting, it does not show Todd crossing over the fog line. On cross examination, Officer Tomasek clarified that while he activated his lights when Todd's tires touched the fog line, a vehicle's tires must cross the fog line in order for there to be a traffic violation. When asked if

he activated his lights upon observing Todd's tires "touch the fog line" in this case, Officer Tomasek responded in the affirmative.

{¶15} Officer Tomasek further testified that "it looked like it took longer than normal for the vehicle to stop." The dashboard camera on the police cruiser shows that Todd began to brake almost immediately after Officer Tomasek activated his lights. Todd came to a stop on the side of the road approximately 20 seconds later. When Todd came to a stop, Officer Tomasek noticed that her rear windshield wiper was activated, despite the fact there were no adverse weather conditions at that time. Officer Tomasek informed Todd that she was pulled over for speeding.

{¶16} Under these circumstances, we are compelled to sustain Todd's first assignment of error to the extent that the trial court's factual findings were not supported by the evidence presented at the hearing. "This Court must only accept the trial court's findings of fact if they are supported by competent, credible evidence." *Hendrix*, 2013-Ohio-2430, at ¶ 14, quoting *Figueroa*, 2010-Ohio-189, at ¶ 20. The trial court's finding that Todd took longer than usual to stop was in line with Officer Tomasek's testimony, although the dashboard camera video suggested Todd's conduct was not particularly egregious in that regard. Significantly, however, the trial court's finding that Todd drifted over the fog line was not supported by competent credible evidence as that finding was contradicted by both Officer Tomasek's testimony as well as the dashboard camera video. "Because the evidence introduced at the suppression hearing does not support the trial court's findings, we must conclude that the trial court erred in denying the motion to suppress." *State v. Lindow*, 9th Dist. Summit No. 27417, 2016-Ohio-913, ¶ 12, citing *Hendrix* at ¶ 15.

{¶17} The State acknowledges that the trial court's finding that Todd drifted over the fog line was inconsistent with the evidence presented at the suppression hearing. Nevertheless, the State contends that the trial court's remaining factual findings were sufficient to support its conclusion that Officer Tomasek was justified in prolonging the traffic stop. The State also points to decisions such as *Pennsylvania v. Mimms*, 434 U.S. 106 (1977), in support of the position that an officer may order a driver to get out the vehicle during a lawful traffic stop without any additional justification. The State stresses that when Todd was removed from her vehicle, Officer Tomasek noticed additional signs of impairment such as a moderate odor of alcohol on Todd's breath and that her eyes were glassy.[2] Here, the trial court specifically pointed to its finding that Todd drove over the fog line in support of its determination that Officer Tomasek was justified in further investigating whether Todd was under the influence of alcohol. As the trial court's conclusion regarding whether there was reasonable suspicion to prolong the traffic stop might have been otherwise if based upon factually accurate findings, Todd's first assignment of error is sustained. *See Lindow* at ¶ 12.

{¶18} Todd's first assignment of error is sustained.

### ASSIGNMENT OF ERROR II

THE TRIAL COURT [ERRED] IN FINDING THE ARRESTING OFFICER HAD PROBABLE CAUSE TO ARREST APPELLANT[.]

### ASSIGNMENT OF ERROR III

THE TRIAL COURT [ERRED] IN FINDING THAT THE FIELD SOBRIETY TESTS WERE CONDUCTED IN SUBSTANTIAL COMPLIANCE WITH THE NHTSA MANUAL[.]

---

[2] In its prior journal entry issued on April 13, 2018, the trial court found that there was a "moderate odor" of alcohol on Todd's breath when she was removed from her vehicle and that her eyes were "a little glassy."

**{¶19}** Todd raises two additional assignments of error challenging the trial court's ruling on her motion to suppress. As this Court's resolution of the first assignment of error is dispositive of this appeal, we decline to address the second and third assignments of error as they have been rendered moot. *See* App.R. 12(A)(1)(c).

III.

**{¶20}** Todd's first assignment of error is sustained. This Court declines to address the second and third assignments of error as they have been rendered moot. The judgment of the Wayne County Municipal Court is reversed and the cause remanded for further proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

                                                            _____
                                                            DONNA J. CARR
                                                            FOR THE COURT

TEODOSIO, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

PATRICK D. QUINN, Attorney at Law, for Appellant.

DANIEL R. LUTZ, Prosecuting Attorney, and ANDREA D. UHLER, Assistant Prosecuting Attorney, for Appellee.