[Cite as *Mentor v. Morgan*, 2021-Ohio-904.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| CITY OF MENTOR, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2020-L-092** |
| DAVID M. MORGAN, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Mentor Municipal Court, Case No. 2020 TRC 00709.

Judgment: Affirmed.

*Lisa M. Klammer,* City of Mentor Prosecutor, 8500 Civic Center Boulevard, Mentor, OH 44060 (For Plaintiff-Appellee).

*Patrick D. Quinn* and *Ronald A. Annotico,* Quinn Legal Associates, Inc., 2802 Som Center Road, Suite 102, Willoughby Hills, OH 44094 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, David M. Morgan, appeals the June 24, 2020 judgment entry of the Mentor Municipal Court denying his motion to suppress/motion in limine. For the reasons discussed herein, the judgment is affirmed.

{¶2} At 3:25 a.m. on Saturday, February 22, 2020, Mentor Police Officer West was dispatched in response to a call from a citizen informant who advised that there was a possibly intoxicated driver in a silver Volkswagen Jetta traveling at a high rate of speed and swerving in and out of lanes on State Route 2. Officer West entered the highway

and immediately saw the Jetta. He followed behind the vehicle traveling 75 mph through a 60-mph zone and the Jetta was "pulling away" from the officer, indicating it was traveling faster than 75 mph. He also observed two separate instances when the tires of the Jetta went over the marked line and well into the other lane within a one-mile distance. Based on these observances, Officer West conducted a traffic stop. The driver of the vehicle, Mr. Morgan, pulled his vehicle from the middle lane to the right lane of traffic and stopped there instead of pulling off and onto the berm.

{¶3} Upon approach, Officer West could smell a strong odor of alcohol. He also testified that Mr. Morgan's speech was delayed and thick-tongued. Mr. Morgan admitted to having "a couple beers" a few hours prior, which the officer found inconsistent with the strong odor of alcohol. Officer West asked Mr. Morgan to step out of the vehicle and, once outside, observed that Mr. Morgan's eyes were watery and glossy. By way of explanation for his poor driving, Mr. Morgan said he was using his GPS. Officer West asked Mr. Morgan to perform field sobriety testing to make sure he could drive safely, but Mr. Morgan refused. The officer then placed Mr. Morgan under arrest for OVI. At the station, Mr. Morgan refused a breathalyzer test.

{¶4} Appellant was charged with violations of driving under the influence, in violation of Mentor City Ordinance ("MCO") 333.01(A)(1)(a), marked lanes, in violation of MCO 331.08, and speeding, in violation of MCO 333.03. He initially entered a plea of not guilty, and the case was set for pretrial. On May 21, 2020, Mr. Morgan filed a motion to suppress evidence arguing that all the evidence obtained was impermissible as the stop and arrest were illegal. The state did not file an opposition to the motion. Following the June 24, 2020 evidentiary hearing, the court denied the motion.

2

{¶5} On July 22, 2020, Mr. Morgan entered a no-contest plea and was found guilty of a violation of driving under the influence, in violation of MCO 333.01(A)(1)(a). The remaining charges were dropped, and Mr. Morgan was sentenced to fines, a 12-month license suspension, a three-day jail sentence, probation, and six points were assessed to his driver's license. The court stayed the jail sentence pending this appeal.

{¶6} Mr. Morgan appeals the denial of the motion to suppress, citing four errors for our review, which we address together and out of order for ease of disposition and clarity.

{¶7} "'At a hearing on a motion to suppress, the trial court functions as the trier of fact, and, therefore is in the best position to weigh the evidence by resolving factual questions and evaluating the credibility of any witnesses.'" *State v. Key*, 11th Dist. Lake No. 2007-L-210, 2008-Ohio-2759, ¶14, quoting *State v. Molek*, 11th Dist. Portage No. 2001-P-0147, 2002-Ohio-7159, ¶24, citing *State v. Mills*, 62 Ohio St.3d 357, 366 (1992). "'The court of appeals is bound to accept factual determinations of the trial court made during the suppression hearing so long as they are supported by competent and credible evidence.'" *Key, supra,* quoting *State v. Hines*, 11th Dist. Lake No. 2004-L-066, 2005-Ohio-4208, ¶14, citing *State v. Searls*, 118 Ohio App.3d 739, 741 (5th Dist.1997). "When ruling on a motion to suppress, we give due deference to the trial court's assignment of weight and inferences drawn from the evidence." *Key, supra,* citing *State v. Perl*, 11th Dist. Lake No. 2006-L-082, 2006-Ohio-6100, ¶9. "'Accepting the trial court's determination of the factual issues, the court of appeals must conduct a de novo review of the trial court's application of the law to those facts.'" *Key, supra,* at ¶15, quoting *Hines, supra,* at ¶14.

{¶8} Mr. Morgan's fourth assigned error states:

3

{¶9} The trial court errored [sic] in finding the arresting officer had probable cause to arrest appellant.

{¶10} "'In determining whether the police had probable cause to arrest an individual for OVI, we consider whether, at the moment of arrest, the police had sufficient information, derived from a reasonably trustworthy source of facts and circumstances, sufficient to cause a prudent person to believe that the suspect was driving under the influence.' * * * '[P]robable cause to arrest does not necessarily have to be based, in whole or in part, upon a suspect's * * * performance on one or more [field sobriety] tests. The totality of the facts and circumstances can support a finding of probable cause to arrest even where no field sobriety tests were administered or where * * * the test results must be excluded.'" (Citations omitted.). *State v. Hale*, 11th Dist. Lake No. 2015-L-076, 2015-Ohio-5533, ¶16, quoting *State v. McNulty*, 11th Dist. Lake No. 2008-L-097, 2009-Ohio-1830, ¶19.

{¶11} Under this assignment of error, Mr. Morgan argues the trial court could not show probable cause based on the facts of the case because the trial court failed to consider the factors that weighed against probable cause. He asserts that this case is analogous to *State v. Beagle,* 2d Dist. Clark No. CIV.A. 2002-CA-59, 2003-Ohio-4331, in which the driver (1) had no trouble exiting his vehicle or walking, (2) no slurred speech, (3) no bloodshot or red eyes, (4) driver's clothes were not soiled or disorderly, (5) did not fumble when producing license, (6) made no unusual statements or actions, and (7) did not use abusive language.

{¶12} Mr. Morgan argues that all of these factors applied to him as well. However, while the record does not show that Mr. Morgan had slurred speech, the officer testified that Mr. Morgan's speech was slow and thick-tongued. And while he did not have

4

bloodshot eyes, he had watery, glossy eyes. Additionally, the officer testified that it is unusual for a vehicle being pulled over to stop in the right lane, when there was a berm onto which Mr. Morgan could have parked his vehicle without obstructing traffic. Thus, *Beagle* is not strictly analogous.

{¶13} Furthermore, while we agree there is no evidence that Mr. Morgan had trouble walking, used abusive language, or fumbled with his license, there were myriad other factors weighing in favor of a finding of probable cause: in the very early hours on a Saturday morning, Mr. Morgan was speeding 15 mph over the posted speed limit and committed two lane departure violations within one mile; when signaled, Mr. Morgan stopped his car in the right lane, obstructing traffic, instead of pulling onto the berm; he admitted to having alcohol several hours prior, but the officer testified that the "strong odor" of alcohol on his breath was inconsistent with Mr. Morgan's purported timeframe; his speech was slow and thick-tongued; and he had watery, glossy eyes.

{¶14} Considering the totality of the circumstances, we cannot agree that the officer did not have probable cause to arrest Mr. Morgan for OVI.

{¶15} Thus, his fourth assignment of error is without merit.

{¶16} His third states:

{¶17} The trial court errored [sic] in finding that the arresting officer had reasonable articulable suspicion to detain appellant beyond the scope of the initial traffic stop to conduct field sobriety testing.

{¶18} "The Fourth Amendment [to] the United States Constitution, as well as Article One, Section Fourteen, of the Ohio Constitution, guarantee[s] 'the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to

be searched, and the persons or things to be seized.'  When a police officer stops an automobile and detains its occupants, a 'seizure' is committed within the meaning of the Fourth and Fourteenth Amendments of the United States Constitution."  *Kirtland Hills v. Strogin*, 11th Dist. Lake No. 2005-L-073, 2006-Ohio-1450, ¶12, quoting *State v. Wojtaszek*, 11th Dist. Lake No. 2002-L-016, 2003-Ohio-2105, ¶15, citing *Delaware v. Prouse*, 440 U.S. 648 (1979), paragraph two of the syllabus.

{¶19}  "It is well established that an officer may stop a motorist upon his or her observation that the vehicle in question violated a traffic law."  *State v. Boczar*, 11th Dist. Ashtabula No. 2004-A-0063, 2005-Ohio-6910, ¶11, citing *Dayton v. Erickson*, 76 Ohio St.3d 3, 11-12 (1996).  "However, because any further detention is a greater invasion into an individual's liberty interests, an officer may not request a motorist to perform field sobriety tests unless the request is separately justified by a reasonable suspicion based upon articulable facts that the motorist is intoxicated."  *State v. Russo*, 11th Dist. Lake No. 2019-L-080, 2020-Ohio-3236, ¶29, citing *Strogin, supra,* at ¶13.  "A court will analyze the reasonableness of the request based on the totality of the circumstances, viewed through the eyes of a reasonable and prudent police officer on the scene who must react to events as they unfold."  *Russo, supra,* citing *State v. Yemma*, 11th Dist. Portage No. 95-P-0156, 1996 WL 495076, *3 (Aug. 9, 1996).

{¶20}  "Generally, courts approve a request to submit to field sobriety testing only where the officer based his or her decision on a number of [the factor's enumerated in *State v. Evans*, 127 Ohio App.3d 56, 64 (11th Dist.1998)]: * * * "'(1) the time of day of the stop (Friday or Saturday night as opposed to, e.g., Tuesday morning); (2) the location of the stop (whether near establishments selling alcohol); (3) any indicia of erratic driving before the stop that may indicate a lack of coordination (speeding, weaving, unusual

6

braking, etc.); (4) whether there is a cognizable report that the driver may be intoxicated; (5) the condition of the suspect's eyes (bloodshot, glassy, glazed, etc.); (6) impairments of the suspect's ability to speak (slurred speech, overly deliberate speech, etc.); (7) the odor of alcohol coming from the interior of the car, or, more significantly, on the suspect's person or breath; (8) the intensity of that odor, as described by the officer ("very strong," "strong," "moderate," "slight," etc.); (9) the suspect's demeanor (belligerent, uncooperative, etc.); (10) any actions by the suspect after the stop that might indicate a lack of coordination (dropping keys, falling over, fumbling for a wallet, etc.); and (11) the suspect's admission of alcohol consumption, the number of drinks had, and the amount of time in which they were consumed, if given.'" *Russo, supra,* at ¶31-32, quoting *Evans, supra,* at 63, fn. 2.

{¶21} Mr. Morgan cites numerous cases which he purports are analogous to the facts at hand, in which the facts did not support a finding of reasonable suspicion. However, each of these cases are clearly distinguishable from the case at bar. None of the cases he cites contains evidence of erratic driving; all of them have only two or three minor indicia of intoxication. *State v. High*, 9th Dist. Medina No. 17CA0019-M, 2017-Ohio-8264 (Officer did not have reasonable suspicion when the only indicia of intoxication was the unspecified odor of alcohol and the admission that appellant drank a few beers with dinner.); *State v. Todd*, 9th Dist. Wayne No. 19AP0012, 2020-Ohio-963 (Officer did not have reasonable suspicion when the only indicia of intoxication was the 3:00 a.m. time, speeding, activation of a rear windshield wiper in non-inclement weather, and that the driver sat "rigid" in her seat.); *State v. Wood*, 9th Dist. Wayne No. CV 18AP0011, 2019-Ohio-3985 (Trial court improperly relied on officer's testimony which was not supported by the dash-cam video.); *State v. Hall*, 5th Dist. Stark No. 2015 CA 00213,

7

2016-Ohio-5787, ¶24 (Reiterating that "where a non-investigatory stop is initiated and the odor of alcohol is combined with glassy or bloodshot eyes *and further indicia of intoxication,* such as an admission of having consumed alcohol, reasonable suspicion exists." Appellate court found the officer did not have reasonable suspicion on unspecified odor of alcohol, glossy eyes, and a de minimus lane violation alone.); *State v. Spillers,* 2d Dist. Darke No. 1504, 2000 WL 299550 (Mar. 24, 2000) (De minimus traffic violations and a "slight" odor of alcohol did not amount to reasonable suspicion.); *State v. Dixon,* 2d Dist. Greene No. 2000-CA-30, 2000 WL 1760664 (Dec. 1, 2000) (Unspecified odor of alcohol and glossy eyes at 2:30 am alone did not constitute reasonable suspicion.); *State v. Swartz,* 2d Dist. Miami No. 2008 CA 31, 2009-Ohio-902, ¶16 ("A de minimus traffic violation, coupled with glassy, bloodshot eyes and an unspecified odor of alcohol is insufficient justification to conduct field sobriety tests" especially when the odor of alcohol could be entirely attributed to driver's assertion that he was driving his intoxicated friends home.); *Whitehouse v. Stricklin,* 6th Dist. Lucas No. L-10-1277, 2012-Ohio-1877, ¶12-13 ("Traffic violations of a de minimus nature, combined with a slight odor of an alcoholic beverage, and an admission of having consumed a 'couple' beers, are not sufficient to support a reasonable and articulable suspicion of DUI. * * * In contrast, an officer's observation that the driver has very red and glassy eyes, a strong odor of alcohol on his breath, and slurred speech is sufficient to warrant the administration of field sobriety tests."); *State v. Reed,* 7th Dist. Belmont No. 05 BE 31, 2006-Ohio-7075 (Slight odor of alcohol and red eyes alone did not constitute reasonable suspicion.); and *State v. Morgan,* 2d Dist. Clark No. 07-CA-67, 2007-Ohio-6691 (Unspecified odor of alcohol, one de minimus lane violation and an admission to consuming alcohol earlier in the day did not constitute reasonable suspicion.)

8

{¶22} Conversely, here the officer testified as to the existence of several of the *Evans* factors: in addition to the citizen's report, he had personally observed Mr. Morgan's erratic driving in the early morning hours of a Saturday, his delayed, thick-tongued speech, and his stopping in the right lane, instead of the berm. Though, the officer admitted on cross-examination that, in general, one cannot determine when alcohol was consumed based on the odor of alcohol on a person's breath, an officer need not be able to articulate the exact quantity of alcohol and when it was consumed to justify asking a driver to exit a vehicle and perform field sobriety testing. Here, the officer testified that he believed the strong odor of alcohol on Mr. Morgan's breath was inconsistent with the given timeframe. Although the officer admitted that Mr. Morgan did not stumble, fall over, or fumble with his license, all of the *Evans* factors need not exist to constitute reasonable suspicion. And the myriad factors discussed above support a finding of reasonable suspicion in this case.

{¶23} Considering the totality of the circumstances, we cannot agree that the officer's extended traffic stop and request for field sobriety testing were not supported by competent, credible evidence of reasonable suspicion.

{¶24} Accordingly, Mr. Morgan's third assignment of error is without merit.

{¶25} His first assigned error states:

{¶26} The trial court's findings of fact were against the manifest weight of the evidence.

{¶27} An appellate court's review of the grant or denial of a motion to suppress presents a mixed question of law and fact. *State v. Cheadle*, 11th Dist. Portage No. 2007-P-0083, 2008-Ohio-2393, ¶10 (citation omitted). In a motion to suppress, the trial court acts as the trier of the facts and, as such, is in the best position to resolve factual issues

9

and assess the credibility of witnesses. *Id.* (citation omitted). "[I]t is fundamental that the weight of the evidence and credibility of witness are primarily for the trier of the facts." *State v. Fanning*, 1 Ohio St.3d 19, 20 (1982).

{¶28} When considering the trial court's ruling on a motion to suppress, an appellate court is bound to accept the trial court's findings of fact as long as these findings are supported by competent and credible evidence. *Cheadle, supra.* citing *State v. Dohner*, 11th Dist. Portage No. 2003-P-0059, 2004-Ohio-7242, ¶10. "Accordingly, this court will review a trial court's findings of fact only for clear error, and give due weight to the inferences the trial court drew from those facts." *Cheadle, supra.* "'When an appeal is directed at a trial court's findings of fact, the reviewing court must determine only whether the findings were against the manifest weight of the evidence.'" *Id.,* quoting *State v. Bokesch*, 11th Dist. Portage No. 2001-P-0026, 2002-Ohio-2118, at ¶12. "'Judgments supported by some competent, credible evidence going to all the essential elements * * * will not be reversed by a reviewing court as being against the manifest weight of the evidence.'" *Cheadle, supra,* quoting *State v. Schulte*, 11th Dist. Lake No. 94-L-186, 1996 WL 660880 (Oct. 25, 1996). "Once the trial court's factual determinations are accepted, the appellate court then conducts a de novo review of the trial court's application of the law to those facts." *Cheadle, supra,* at ¶11 (citation omitted).

{¶29} Under this assignment of error, Mr. Morgan argues the court's conclusions of fact in denying the motion to suppress were against the manifest weight of the evidence. First, Mr. Morgan challenged the court's finding that, "[i]f you drink a couple hours before, I don't think [the odor] would be strong. That's just through my years of experience in listening to these things." Mr. Morgan contends that this directly contradicts the officer's testimony and is improperly based in part on the judge's personal opinions.

10

{¶30} Mr. Morgan, however, mischaracterized the officer's testimony. The officer admitted on cross-examination that, in general, one cannot determine when alcohol was consumed based on the odor of alcohol on a person's breath; that does not mean that the odor of alcohol on a person's breath cannot be considered in determining whether the person is intoxicated. Indeed, several cases including *Evans* and *Russo* discussed under his third assignment of error, expressly list the odor of alcohol as a factor to be considered. In fact, the officer testified that Mr. Morgan's statement that he had had a couple beers hours earlier was inconsistent with the strong odor of alcohol on his breath. Thus, the court's finding is directly supported by the officer's testimony.

{¶31} Mr. Morgan also challenges the court's statement that he asserts is improperly based on the judge's personal opinion regarding the timing of the dissipation of the odor of alcohol. In support, Mr. Morgan cites *Caserta v. Ohio Job & Family Servs.*, 2d Dist. Greene No. 2011-CA-63, 2012-Ohio-5097. In that case, Caserta was fired from her position as a legal secretary after an incident involving dishonesty of the manner in which a client's retainer was received (check or cash). She was ultimately denied unemployment benefits. In the appeal to the trial court, the trial court judge stated that it counted multiple lies by Caserta and that "I practiced law for twenty-seven years, privately. I'm aware of what goes on in a law office and what the nature of that trust is. Once that relationship is broken by a staff member being untruthful continued employment is not in the best interest of the law firm." *Id.* at ¶13.

{¶32} On appeal, the Second District Court of Appeals found that, "[w]hile a trial judge should not consider personal experiences which are not in the record, this does not affect the evidence before the Review Commission." *Id.* at *7. The appellate court found this argument to be moot, however, as in that case, it was the court's duty to focus on the

11

Review Commission's decision and determine whether that decision was against the manifest weight of the evidence. *Id.*

{¶33} Moreover, the Supreme Court has held that "[a] judge's sentencing requires the exercise of personal judgment; the court is not required to divorce itself from all personal experiences and make his decision in a vacuum." *State v. Cook*, 65 Ohio St.3d 516, 529 (1992), citing *Barclay v. Florida*, 463 U.S. 939 (1983). *See also, State v. Barnes,* 11th Dist. Trumbull No. 2017-T-0040, 2017-Ohio-8443, ¶16*.* Though here the judge's comments were made in a hearing on a motion to suppress, not a sentencing hearing, we find this principle applicable in this case.

{¶34} In *Cleveland v. Jennings*, 8th Dist. Cuyahoga No. 76810, 2000 WL 193253 (Feb. 17, 2000), the Eighth District reviewed a similar comment by a trial court. There the officer testified that the appellant slowed to one mile per hour but did not come to a complete stop at a stop sign. "The trial judge related his personal experience of how someone could believe they stopped, but actually did not come to a complete stop." *Id.* at *2. The Eighth District found this comment justified the waiver of the fine and was an appropriate application of the judge's personal judgment.

{¶35} Here the court's statement is directly supported by the evidence presented. The court's statement was an expression of its belief in the reasonableness of the officer's testimony. This was an appropriate application of the judge's personal judgment, supported by the record, and is not against the manifest weight of the evidence.

{¶36} Second, Mr. Morgan challenges the court's reliance on the citizen informant. As neither the citizen informant nor the dispatcher testified at the suppression hearing, Mr. Morgan argues the citizen tip was double hearsay. And while he does acknowledge that the rules of evidence generally do not apply to suppression hearings, and thus does

12

not challenge the admissibility of it, he argues it is inherently unreliable and is not competent evidence on which the court could properly rely in reaching its decision.

{¶37} However, this court has held that an identified citizen tip creates a presumption that the information is reliable. *State v. Yallah*, 11th Dist. Lake Nos. 2017-L-086, 2017-L-087, 2018-Ohio-2251, ¶12, citing *State v. Garner*, 74 Ohio St.3d 49, 63 (1995). Here, the citizen informant provided his name to dispatch; as such, he was an identified informant with a presumption that the information he provided was reliable. Thus, we disagree with Mr. Morgan's contention that the trial court's findings of fact were not based on competent, credible evidence.

{¶38} In light of the forgoing and considering, as discussed under the third and fourth assignments of error, that the record contains sufficient credible evidence to support the court's finding the officer had reasonable suspicion to stop Mr. Morgan and request field sobriety testing, and probable cause to arrest him, we cannot agree that the court's findings are against the manifest weight of the evidence.

{¶39} Accordingly, Mr. Morgan's first assignment of error is without merit.

{¶40} His second states:

{¶41} The trial court errored [sic] in failing to make a finding that the arresting officer had reasonable articulable suspicion to detain appellant beyond the scope of the initial traffic stop to conduct field sobriety testing.

{¶42} Under this assignment of error, Mr. Morgan argues the trial court erred by failing to state the factual basis for making any determination on reasonable suspicion.

{¶43} Crim.R. 12(F) states in pertinent part that, "[w]here factual issues are involved in determining a motion, the court shall state its essential findings on the record." However, as the state correctly notes, in order to invoke the requirements of Crim.R.

12(F), trial counsel must request that the court states its essential findings of fact on the record. *State v. Adams,* 144 Ohio St.3d 429, 2015-Ohio-3954. Moreover, "[w]hile it is error for the trial court to fail in providing requested findings of fact, it is not prejudicial where the record provides an appellate court with a sufficient basis for review of the assignments of error." *State v. Shine,* 11th Dist. Trumbull No. 2015-T-0006, 2016-Ohio-3123, ¶13.

{¶44} Here, the record does not show that defense counsel requested findings of fact related to reasonable suspicion. Moreover, even if defense counsel had made the request, the record provides adequate details to allow this court to review Mr. Morgan's assignments of error; indeed, as discussed above, the same facts which support a finding of probable cause, also support the court's finding of reasonable suspicion and are not against the manifest weight of the evidence.

{¶45} Thus, Mr. Morgan's second assignment of error is without merit.

{¶46} In light of the foregoing, the judgment of the Mentor Municipal Court is affirmed.

MARY JANE TRAPP, P.J.,

THOMAS R. WRIGHT, J.,

concur.