DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Defendant, Thomas Gaylord, has appealed the decision of the Akron Municipal Court finding him guilty of Operating a Motor Vehicle While Under the Influence of Alcohol under Akron City Code 73.01(A)(1) and Driving with a Prohibited Blood Alcohol Concentration under former R.C. 4511.19(A)(6), now R.C. 4511.19(A)(1)(f). We affirm.
 {¶ 2} On March 28, 2003, Defendant was charged with Operating a Motor Vehicle while Under the Influence of Alcohol (DUI) and Driving with a Prohibited Blood Alcohol Concentration. On this date, the Ohio Bureau of Motor Vehicles also placed an administrative license suspension on the Defendant's driver's license. Defendant pled not guilty to both charges on March 28, 2003.
 {¶ 3} On April 21, 2003, Defendant filed a motion to suppress any and all evidence and fruits of the arrest of Defendant, including but not limited to, "results of any and all testing and breath testing, any evidence acquired from the Defendant, any evidence or statements made by the Defendant after he was stopped, and all evidence of identification." Pursuant to a hearing, the trial court issued a judgment entry on August 6, 2004, which denied Defendant's motion to suppress. The court concluded that in light of the dangerous nature of the vehicle's actions coupled with the description of the vehicle and the vehicle's direction, Officer Jason Bailey had probable cause to justify the stop of Defendant's vehicle.
 {¶ 4} Thereafter, Defendant withdrew his previously entered not guilty plea and entered a plea of no contest to one count of driving with a prohibited blood alcohol content. The remaining charge was dismissed, pursuant to the plea agreement. Following his no contest plea, Defendant was sentenced to one-hundred eighty (180) days incarceration in the Summit County Jail,[1] an operator's license suspension of one year, and a fine of $350.00, plus costs. Defendant timely appealed to this Court, raising one assignment of error for our review.
 ASSIGNMENT OF ERROR
"The Trial Court erred in denying the [Defendant's] motion to suppress evidence."
 {¶ 5} In his sole assignment of error, Defendant argues that the trial court erred when it denied his motion to suppress evidence. Specifically, Defendant claims the Akron Police acted improperly when they arrested him, as they observed no evidence of wrongful conduct and observed no violations of law. Defendant argues that he was stopped and subsequently arrested without probable cause and without any evidence that he was operating an automobile while under the influence of alcohol. We disagree.
 {¶ 6} A trial court makes both factual and legal findings when ruling on a motion to suppress. State v. Jones, 9th Dist. No. 20810, 2002-Ohio-1109, at ¶ 9. Accordingly, "the trial court assumes the role of trier of facts and is in the best position to resolve questions of fact and evaluate the credibility of witnesses." State v. Hopfer (1996),112 Ohio App.3d 521, 548, quoting State v. Venham (1994),96 Ohio App.3d 649, 653. An appellate court, therefore, is bound to accept a trial court's factual findings that are supported by competent, credible evidence. State v. Searls (1997), 118 Ohio App.3d 739, 741;State v. Guysinger (1993), 86 Ohio App.3d 592, 594. However, the trial court's application of law to the factual findings is reviewed de novo on appeal. State v. Russell (1998), 127 Ohio App.3d 414, 416. See, also, Ornelas v. United States (1996), 517 U.S. 690, 699,134 L.Ed.2d 911.
 {¶ 7} The Fourth Amendment to the United States Constitution and Section 14, Article I of the Ohio Constitution prohibit unreasonable searches and seizures. State v. Kinney (1998), 83 Ohio St.3d 85, 87. Suppression of evidence obtained as a result of a Fourth Amendment violation follows as a corollary to protecting rights under theFourth Amendment. See Mapp v. Ohio (1961), 367 U.S. 643, 657, 6 L.Ed.2d 1081.
 {¶ 8} A traffic stop constitutes a seizure under theFourth Amendment. Whren v. United States (1996), 517 U.S. 806, 809-810,135 L.Ed.2d 89. An investigative traffic stop does not violate theFourth Amendment where an officer has reasonable suspicion that the person stopped is engaged in criminal activity. Maumee v. Weisner (1999),87 Ohio St.3d 295, 299. To justify an investigative stop, an officer must point to "specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion."Terry v. Ohio (1968), 392 U.S. 1, 21, 20 L.Ed.2d 889; Maumee,87 Ohio St.3d at 299. A court must consider the totality of the circumstances in evaluating the facts and inferences supporting the stop. State v. Freeman (1980), 64 Ohio St.2d 291, paragraph one of the syllabus.
 {¶ 9} Therefore, a reasonable suspicion is determined by an objective standard, particularly, whether "the facts available to the officer at the moment of the seizure * * * `warrant a man of reasonable caution in the belief' that the action taken was appropriate[.]" State v. Bobo
(1988), 37 Ohio St.3d 177, 178-79, quoting Terry, 392 U.S. at 21-22. "[S]pecific and articulable facts" that will justify an investigatory stop by way of reasonable suspicion include: (1) location; (2) the officer's experience, training or knowledge; (3) the suspect's conduct or appearance; and (4) the surrounding circumstances. Bobo,37 Ohio St.3d at 178-79; State v. Lively (July 7, 1997), 9th Dist. No. 2632-M, at 3-4; State v. Davison, 9th Dist. No. 21825, 2004-Ohio-3251, at ¶ 6.
 {¶ 10} On March 28, 2003, a citizen tipster phoned the police at approximately 12:30 AM and reported there was a person driving a large, noisy truck in circles in a residential neighborhood. The citizen reported the vehicle was a "huge pickup truck with huge tires" driving without its lights on. At the conclusion of the phone call, the caller provided a name and phone number to the dispatch operator. The dispatch operator notified Akron police officer Jason Bailey, who was working routine patrol, and reported to Officer Bailey that a large truck with oversized tires was making a lot of noise and driving in circles in the Coventry Crossings area of Akron. Officer Bailey testified that he inferred this description to mean the truck had a loud exhaust and was doing donuts, or driving in a reckless manner.
 {¶ 11} As Officer Bailey drove on South Main Street to the reported area, a truck with oversized tires and what sounded to be a "performance type exhaust" approached his cruiser from the opposite direction. Officer Bailey followed the truck and effectuated a traffic stop on the suspicion that it could be the same vehicle that was reported driving in circles. Upon stopping Defendant, Officer Bailey noticed an odor of alcohol, and subsequently arrested Defendant for operating a vehicle while under the influence. While at the police station following his arrest, Defendant provided a breath sample which yielded a bloodalcohol content of .257, more than three times over Ohio's legal limit. Defendant was subsequently charged with driving with a prohibited blood alcohol content.
 {¶ 12} Defendant argues that a review of the totality of the circumstances leads to the conclusion that Officer Bailey did not possess the reasonable suspicion required to permit him to initiate a stop of Defendant's vehicle. He asserts that his actions when driving past Officer Bailey's cruiser did not give rise to any suspicions of criminal activity or even slightly suspicious conduct. Defendant also argues that the police had no way of verifying the claim made by the citizen who phoned the police; as the police did not personally observe the truck engaged in the suspicious activity. Defendant asserted that as Officer Bailey only observed Defendant's truck when it was not violating any law, there was nothing about the citizen's claim that could have been verified by stopping Defendant. This Court disagrees with this argument. We have previously held in State v. Roberts (May 9, 2001), 9th Dist. No. 20355, at 5, that "even if the officer does not observe the behavior reported by the informant, that does not necessarily undermine the existing reasonable suspicion." See, State v. Fejes (Sept. 17, 1997), 9th Dist. No. 96CA0088, at 3-4 (finding that a police officer who has received a reliable tip is justified in making a traffic stop even if he personally observes no illegal activity).
 {¶ 13} Officer Bailey specifically testified that he stopped Defendant's truck because it matched the general description of the vehicle from the citizen's tip, including the loud exhaust, and was close to the location of where the complaint came from. Officer Bailey testified that there were no other vehicles on the road in the area at 1:00 AM other than Defendant's truck. Despite the limited description given by the citizen, the general description of the truck and the area in which it was found deems the information credible, and the officer had reasonable suspicion to stop Defendant's vehicle.
 {¶ 14} Furthermore, the Ohio Supreme Court held in Maumee v. Weisner
(1999), 87 Ohio St.3d 295, paragraph one of the syllabus, that the question is not whether the officer on the scene has a reasonable suspicion to stop the vehicle but whether the information from the informant was sufficient to support a reasonable suspicion of illegal activity. In Maumee, the Court explored the issue of having a tip phoned to the police via an informant, and whether such an informant possesses an "indicia of reliability." Id. at 299. The Court concluded that "[a] telephone tip can, by itself, create reasonable suspicion justifying an investigatory stop where the tip has sufficient indicia of reliability." Id. at paragraph two of the syllabus. A known or identified informant has greater indicia of reliability than does the anonymous informant, who may have ulterior motives for providing the tip leading to the stop. Id. at 300-301. In the case at bar, the citizen informant phoned in the information to the police and provided her name and phone number. She could not give a full description of the truck, but she provided the police with the information that it was a large pickup truck on oversized wheels.
 {¶ 15} Reviewing the above facts under the de novo standard leads this Court to the conclusion that, as a matter of law, the facts of this case were sufficient to establish a reasonable suspicion of criminal activity warranting a constitutionally valid stop, and that the evidence obtained thereby need not be suppressed. The trial court found the testimony of Officer Bailey and the facts of the incident to be credible, and it did not err in overruling Defendant's motion to suppress.
 {¶ 16} The judgment of the Akron Municipal Court is affirmed and we overrule Defendant's assignment of error.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Whitmore, J., Reader, J. concur.
[1] One-hundred sixty (160) days of Defendant's incarceration was suspended at the time of sentencing.