DECISION AND JUDGMENT ENTRY
{¶ 1} This appeal comes to us from a judgment issued by the Bowling Green Municipal Court, following his no contest plea and conviction for operating a vehicle while under the influence of an alcoholic beverage. Because we conclude that the trial *Page 2 
court properly denied appellant's motion to suppress blood test results and otherwise committed no reversible error, we affirm.
 {¶ 2} Appellant, Kyle Matus, was arrested for operating a vehicle under the influence ("OVI"), in violation of R.C. 4511.19(A). The charge stemmed from incidents which occurred when a Bowling Green Police officer, Patrolman Darrin Reinhart, stopped him at 2:14 a.m. on December 18, 2005. Appellant initially pled "not guilty" and filed a motion to suppress. At the motion hearing, the trial court heard the following evidence.
 {¶ 3} Officer Reinhart testified that, after observing appellant in a motor vehicle stopped at a flashing yellow light for more than 30 seconds, he followed appellant. The officer activated his overhead flashers after observing appellant cross left of center at least three times. Appellant initially appeared to have stopped in response to the officer's lights, pulling his vehicle onto a snow pile near the curb at an intersection. When the intersection traffic light changed to green, however, appellant then started moving, turned right, and continued further on the street before, again, parking on another snow pile near the curb.
 {¶ 4} Officer Reinhart then ordered appellant to exit his vehicle and placed him in handcuffs, for safety, while he patted him down. The officer observed that appellant had bloodshot eyes, slurred speech, breath with a strong odor of alcohol, and had trouble maintaining his balance when he got out of his vehicle. Due to the cold weather and *Page 3 
presence of snow on the pavement, the officer took appellant to the nearby police station garage to administer field sobriety tests.
 {¶ 5} At the station, appellant indicated to the officer that he had back problems and did not think he would be able to do the one-legged stand test, but offered to try. After appellant completed several sobriety tests, the officer determined that appellant failed the horizontal gaze nystagmus test, the walk-and-turn, and the one-legged stand test. In one last test, appellant was able to recite the alphabet accurately. Officer Reinhart acknowledged that the alphabet test is not a standardized test, but is used occasionally. The officer then placed appellant under arrest for OVI.
 {¶ 6} Appellant was then taken to a processing room with a BAC breathalyzer unit. After being informed of the possible consequences of taking a breath test, appellant refused to submit to a test. Based on appellant's history of two prior OVI offenses, the officer testified that he left appellant in custody at the station and obtained a search warrant for a blood test. He returned to the station and transported appellant to have blood drawn at a local hospital, at 5:00 a.m., approximately two hours and forty-five minutes after the initial stop.
 {¶ 7} The trial court granted the motion to suppress as to two of the clues obtained during the HGN test, but otherwise denied the motion as to the remaining sobriety and blood tests. On September 11, 2006, appellant pled "no contest" to the charge of operating a vehicle under the influence, was found guilty, and was sentenced. *Page 4 
 {¶ 8} Appellant now appeals from that judgment, arguing the following two assignments of error:
 {¶ 9} "I. The trial court erred in allowing in to evidence the results of a blood test obtained through the issuance of a search warrant after appellant had refused to submit to a breath test.
 {¶ 10} "II. The state failed to present evidence that the field sobriety tests were performed in accordance with the standards set forth by the National Highway Traffic Safety Administration."
 I. {¶ 11} In his first assignment of error, appellant essentially argues that the trial court erred in denying his motion to suppress the results of the blood test.
 {¶ 12} Appellate review of a ruling on a motion to suppress evidence presents a mixed question of law and fact. State v. Long (1998),127 Ohio App.3d 328, 332. During a suppression hearing, the trial court assumes the role of the trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses. State v. Mills (1992) 62 Ohio St.3d 357, 366; State v.Hopfer (1996), 112 Ohio App.3d 521, 548. As a result, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. State v. Guysinger (1993),86 Ohio App.3d 592, 594. An appellate court must then independently determine without deference to the trial court's legal conclusions whether, as a matter of law, evidence *Page 5 
should be suppressed. State v. Russell (1998), 127 Ohio App.3d 414, 416;State v. Klein (1991), 73 Ohio App.3d 486, 488.
 {¶ 13} The collection of a blood, breath, or urine sample from an accused person in order to determine its alcohol content for the purpose of proving a criminal charge is a search and seizure within the meaning of the Fourth Amendment. Schmerber v. California (1966), 384 U.S. 757,767. Nevertheless, a person "accused of intoxication has no constitutional right to refuse to take a reasonably reliable chemical test for intoxication." City of Westerville v. Cunningham (1968), 15 Ohio St.2d 121, paragraph two of the syllabus, (Schmerber v.California, 384 U.S. 757, followed.)
 {¶ 14} R.C. 4511.191, Ohio's implied consent statute, previously contained language which reads, in pertinent part:
 {¶ 15} "(D) If a person under arrest for operating a vehicle while under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse, or for operating a vehicle with a prohibited concentration of alcohol in the blood, breath, or urine refuses upon the request of a police officer to submit to a chemical test designated by the law enforcement agency as provided in division (A) of this section, after first having been advised of the consequences of his refusal as provided in division (C) of this section, no chemical test shall be given."
(Emphasis added.)
 {¶ 16} R.C. 4511.191 was rewritten, effective July 1, 1993, so that, at the time of appellant's arrest, it no longer included the language that "no chemical test shall be given." Nonetheless, R.C. 4511.191, even in its former version, did not expand on the *Page 6 
constitutional guarantees afforded the criminally accused. See State v.Runnels (1989), 56 Ohio App.3d 120, 125 and State v. Carter (Nov. 5, 1999), 1st Dist. Nos. C-980942, C-980943, C-980944.
 {¶ 17} In this case, appellant does not challenge the validity of the warrant, but only that the taking of his blood after he refused consent to submit to a breath test violated his constitutional rights. Although appellant certainly retained the constitutional guarantees and protections under the Fourth Amendment's warrant requirement, the record indicates that Officer Reinhart obtained a valid warrant prior to the drawing of appellant's blood. The blood was then drawn at a local hospital, by medical personnel, with minimal intrusion and no harm to appellant. Consequently, we conclude that appellant's constitutional rights were not violated, and the trial court did not err in denying appellant's motion to suppress the results of the blood test.
 {¶ 18} Accordingly, appellant's first assignment of error is not well-taken.
 II. {¶ 19} In his second assignment of error, appellant contends that the trial court improperly admitted the results of the field sobriety tests because no evidence was presented that they were performed according to National Highway Traffic Safety Administration ("NHTSA") standards.
 {¶ 20} Prior to the enactment of R.C. 4511.19(D)(4)(b), the Ohio Supreme Court held in State v. Homan (2000), 89 Ohio St.3d 421, that in order for the results of field sobriety tests to serve as evidence of probable cause to arrest, such tests must be *Page 7 
performed in strict compliance with the procedures promulgated by the NHTSA. The Ohio Supreme Court has acknowledged that pursuant to amended R.C. 4511.19(D)(4)(b), effective April 9, 2003, "the arresting officer no longer needs to have administered field sobriety tests in strict compliance with testing standards for the test results to be admissible at trial." State v. Schmitt, 101 Ohio St.3d 79, 2004-Ohio-37, ¶ 9. Instead, an officer now may testify concerning the results of a field sobriety test administered in substantial compliance with the testing standards. Id.
 {¶ 21} Nevertheless, some evidence of the particular testing standards used must still be presented in order for the court to determine whether those standards have been substantially complied with. See State v.Jimenez, 12th Dist. No. CA2006-01-005, 2007-Ohio-1658, citing State v.Schmitt, supra; State v. Loveridge, 3d Dist. No. 9-06-46,2007-Ohio-4493; State v. Brown (2006), 166 Ohio App.3d 638,2006-Ohio-1172 . Typically, the standards used are those from the NHTSA.Jimenez, at ¶ 12. Part of the state's burden "includes demonstrating what the NHTSA requirements are, through competent testimony and/or introducing the applicable portions of the NHTSA manual." State v.Djisheff, 11th Dist. No. 2005-T-0001, 2006-Ohio-6201.
 {¶ 22} Horizontal gaze nystagmus test results are admissible in Ohio without expert testimony so long as the proper foundation has been shown both as to the administering officer's training and ability to administer the test and as to the actual technique used by the officer in administering the test. State v. Boczar, 113 Ohio St.3d 148, 153. Testimony that an officer merely conducted the field sobriety tests in *Page 8 
conformity with the manner and procedures with which he was taught is not the same as testifying that he administered the tests in substantial compliance with the guidelines set forth in the NHTSA manual.Brown, supra, at ¶ 25.
 {¶ 23} Finally, this court has held that the trial court may, when requested, take judicial notice of the NHTSA manual and standards. SeeState v. Cook, 6th Dist. No. WD-04-029, 2006-Ohio-6062. Where the court is not requested by counsel or does not expressly take judicial notice of those guidelines, however, the standard that is being relied upon or under which the officer has received training must still be demonstrated. See State v. Purdy, 6th Dist. No. H-04-008,2004-Ohio-7069, and State v. Nickelson (July 20, 2001), 6th Dist. No. H-00-036. (both holding that where officer only testified that field sobriety tests were conducted in accordance with his training, and the manual was not admitted into evidence to document the NHTSA guidelines, the results of field sobriety tests should have been suppressed).
 {¶ 24} In this case, after an intensive review of the transcript of the suppression hearing, and, as acknowledged by appellee, we could not find any evidence presented that indicated which standardized test had been used. As in Brown, Purdy, and Nickelson, supra, although Officer Reinhart testified that he attended a training session by the Ohio State Highway Patrol and that he performed the tests "according to the training," and a "green booklet," he was never asked to explain or reference the NHTSA or any other testing standard. Although appellant's attorney asked a question concerning the alphabet test and the NHTSA manual, this did not trigger any further evidence that the tests had *Page 9 
been done in compliance with that manual. No other testimony was presented as to NHTSA standards nor was the manual admitted into evidence.
 {¶ 25} Likewise, although the trial court referenced "NHTSA guidelines" in its judgment entry ruling on the motion to suppress, it was only in relationship to the HGN test. Therefore, since no request was made and the court did not expressly take judicial notice of the NHTSA standards, we decline to extend our decision in Cook, supra, so far as to eliminate the requirement that the state must affirmatively establish which testing standards were applied. Therefore, since no evidence of the NHTSA standards was presented, we agree that the trial court erred in failing to suppress the results of the sobriety tests. We must now determine, however, whether this error requires reversal of appellant's conviction.
 {¶ 26} The Ohio Supreme Court has defined probable cause to arrest for OVI as "whether, at the moment of arrest, the police had sufficient information, derived from a reasonably trustworthy source of facts and circumstances, sufficient to cause a prudent person to believe that the suspect was driving under the influence." State v. Homan (2000),89 Ohio St.3d 421, 427, (superseded by statute on other grounds as stated in R.C. 4511.19(D)(4)(b).) The totality of the facts and circumstances surrounding an OVI arrest can support a finding of probable cause to arrest even where no field sobriety tests were administered or where the test results must be excluded for lack of compliance with the NHTSA requirements. Homan, supra. *Page 10 
 {¶ 27} When a trial court erroneously fails to suppress the results of field sobriety tests, if ample evidence exists to support the arrest and conviction, this error is harmless. Village of Gates Mills v. Mace, 8th Dist. No. 84826, 2005-Ohio-2191, at ¶ 29. The following factors have been held to be indications that established probable cause for the arrest and conviction of a person for DUI: erratic driving, driving left of center at least three times, stopping at an intersection for a prolonged period of time, smell of alcoholic beverage on the person or breath, failure to notice police car flashers, slurred speech, bloodshot eyes, and impairment of physical abilities. See State v. Flowers, 7th Dist. No. 07-MA-68, 2007-Ohio-6920.
 {¶ 28} In addition to the results of the field sobriety tests, Officer Reinhart also testified to the following indicators to demonstrate that appellant was under the influence of alcohol. Appellant was observed driving over the yellow line three times. Appellant stopped and stayed at a flashing yellow light intersection for at least 30 seconds, a prolonged amount of time, and did not notice that the officer's flashers were engaged until after he turned on his sirens. Appellant smelled of alcohol, was unsteady when he exited his vehicle, had slurred speech, and had bloodshot eyes. Appellant also admitted to drinking three beers. Thus, even without the sobriety tests, there was sufficient evidence to demonstrate that there was probable cause to stop and to convict appellant of operating a vehicle while under the influence of an alcoholic beverage. Therefore, the trial court's error in denying appellant's motion to suppress the sobriety tests was harmless. *Page 11 
 {¶ 29} Accordingly, although appellant's second assignment of error is well-taken, it does not constitute reversible error.
 {¶ 30} The judgment of the Bowling Green Municipal Court is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Wood County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Mark L. Pietrykowski, P.J., Arlene Singer, J., William J. Skow, J., Concur. *Page 1