[Cite as *State v. Ghouche*, 2020-Ohio-3311.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| STATE OF OHIO | C.A. No. 19CA0034-M |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| HARRISON GHOUCHE | MEDINA MUNICIPAL COURT COUNTY OF MEDINA, OHIO |
| Appellant | CASE No. 18 TRC 02528 |

DECISION AND JOURNAL ENTRY

Dated: June 15, 2020

HENSAL, Judge.

{¶1} Harrison Ghouche appeals his conviction for operating a vehicle under the influence of alcohol from the Medina Municipal Court. This Court affirms.

I.

{¶2} This appeal presents a challenge to the trial court's denial of Mr. Ghouche's pre-trial motion to suppress, and to his conviction for operating a vehicle under the influence of alcohol, which was rendered after a jury trial.

{¶3} According to his testimony at the suppression hearing, Trooper Betzel with the Ohio State Highway Patrol observed Mr. Ghouche's vehicle going 11 m.p.h. over the posted speed limit on State Route 303 in Brunswick at approximately 2:35 a.m. on a Friday morning. Trooper Betzel pulled behind Mr. Ghouche's vehicle and activated his overhead lights. Mr. Ghouche immediately slowed down, but drove for approximately 30 seconds and turned onto a side street before coming to a complete stop.

{¶4} When Trooper Betzel approached Mr. Ghouche's vehicle, he observed an odor of alcohol coming from inside the vehicle, and noticed that Mr. Ghouche's eyes were glassy and red. He did not indicate the strength of the odor of alcohol (i.e., mild, moderate, or strong), or that it was coming specifically from Mr. Ghouche's person. Trooper Betzel asked Mr. Ghouche for his driver's license and proof of insurance. While waiting for him to produce those items, Trooper Betzel asked Mr. Ghouche where he was coming from, and Mr. Ghouche responded that he was coming from Akron City Hospital, where he worked. Mr. Ghouche later clarified that he had stopped at a friend's house on his way home from work, which is how he ended up in Brunswick when he lives in University Heights on the east side of Cleveland.

{¶5} Mr. Ghouche produced his driver's license without issue, but was unable to access his insurance information on his phone. Trooper Betzel then asked Mr. Ghouche to step out of the vehicle and conducted three field sobriety tests: the Horizontal Gaze Nystagmus ("HGN") test, the walk-and-turn test, and the one-leg-stand test. Trooper Betzel indicated that he observed 4 out of 6 clues of impairment during the HGN test, 5 out of 8 clues during the walk-and-turn test, and 4 out of 4 clues during the one-leg-stand test. Additionally, Trooper Betzel offered Mr. Ghouche a portable breathalyzer test, which he refused. Trooper Betzel then placed Mr. Ghouche under arrest and transported him to the station. While there, Trooper Betzel read and showed Mr. Ghouche the BMV 2255, and offered Mr. Ghouche another opportunity to take a breathalyzer test, which he ultimately did not take.

{¶6} Mr. Ghouche was charged with operating a vehicle under the influence of alcohol or drugs in violation of Revised Code Section 4511.19(A)(1)(a), and speeding in violation of

Section 4511.21(C). He pleaded guilty to speeding,[1] but not guilty to operating a vehicle under the influence of alcohol. Mr. Ghouche moved to suppress certain evidence prior to trial, including the results of the field sobriety tests. He argued that Trooper Betzel lacked reasonable, articulable suspicion to justify his continued detention for the purpose of conducting field sobriety tests, failed to administer the field sobriety tests in compliance with the National Highway Traffic Safety Administration ("NHTSA") guidelines, and did not have probable cause to arrest him. He also argued that any statements Trooper Betzel obtained from him were in violation of his rights against self-incrimination. After a hearing, the trial court denied Mr. Ghouche's motion. The case then proceeded to a jury trial. At trial, Trooper Betzel again testified as to the events described above, and Mr. Ghouche testified on his own behalf. The jury returned a verdict of guilty. Mr. Ghouche has appealed, raising five assignments of error for this Court's review. This Court will address Mr. Ghouche's second assignment of error last.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN FINDING THAT TROOPER BETZEL HAD REASONABLE AND ARTICULABLE SUSPICION TO JUSTIFY THE CONTINUED DETENTION FOR FIELD SOBRIETY TESTING.

{¶7}    In his first assignment of error, Mr. Ghouche argues that the trial court erred by denying his motion to suppress relative to whether Trooper Betzel had reasonable, articulable suspicion to justify his continued detention for field sobriety testing. This Court disagrees.

{¶8}    Appellate review of a trial court's ruling on a motion to suppress presents a mixed question of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8. The trial

---

[1] We note that Mr. Ghouche's merit brief indicates that the jury found him guilty of speeding. The record, however, indicates that he pleaded guilty to speeding.

court assumes the role of trier of fact and is in the best position to evaluate witness credibility and resolve factual issues. *Id.* Accordingly, an appellate court must accept a trial court's findings of fact when they are supported by competent, credible evidence. *State v. Roberts*, 110 Ohio St.3d 71, 2006-Ohio-3665, ¶ 100. Accepting those facts as true, the appellate court then must independently determine, without deference to the trial court's conclusion, whether those facts satisfy the applicable legal standard. *Burnside* at ¶ 8, citing *State v. McNamara*, 124 Ohio App.3d 706, 710 (4th Dist.1997).

{¶9} The Fourth Amendment to the United States Constitution and Article I, Section 14 of the Ohio Constitution protect individuals from unreasonable searches and seizures. "Requiring a driver to submit to a field sobriety test constitutes a seizure within the meaning of the Fourth Amendment." *State v. Keserich*, 5th Dist. Ashland No. 14-COA-011, 2014-Ohio-5120, ¶ 8, quoting *State v. Bright*, 5th Dist. Guernsey No. 2009-CA-28, 2010-Ohio-1111, ¶ 17. A police officer, however, does not violate an individual's constitutional rights by administering field sobriety tests if the police officer has reasonable suspicion of criminal activity. *See State v. Simin*, 9th Dist. Summit No. 26016, 2012-Ohio-4389, ¶ 12. "Reasonable suspicion requires that the officer 'point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion.'" *State v. Buchanan*, 9th Dist. Medina No. 13CA0041-M, 2014-Ohio-3282, ¶ 8, quoting *Terry v. Ohio*, 392 U.S. 1, 21 (1968). Reasonable suspicion is based on the totality of the circumstances. *See United States v. Cortez*, 449 U.S. 411, 417-418 (1981). We note that "these cases often present close calls, both for the courts and the law enforcement officers on the scene[,]" and that "no single factor is dispositive of whether a law enforcement officer is legally justified in conducting field sobriety tests in any given case." *State*

*v. Hall*, 5th Dist. Stark No. 2015 CA 00213, 2016-Ohio-5787, ¶ 26; *State v. Hochstetler*, 9th Dist. Wayne No. 16AP0013, 2016-Ohio-8389, ¶ 12.

{¶10} Trooper Betzel testified at the suppression hearing that he pulled Mr. Ghouche over for speeding at approximately 2:35 a.m. on a Friday morning. He testified that Mr. Ghouche's speed did not indicate that he was impaired, but that Mr. Ghouche took longer than usual to bring his vehicle to a stop. He acknowledged, however, that pulling onto a side road was safer than stopping on S.R. 303. Trooper Betzel testified that he noticed an odor of alcohol when he approached Mr. Ghouche's vehicle, and that he noticed that Mr. Ghouche's eyes were red and glassy. Additionally, Trooper Betzel testified that Mr. Ghouche initially told him he was coming from work, but – when questioned further regarding his route of travel – indicated that he had stopped at a friend's house. He further testified that Mr. Ghouche had trouble accessing his insurance information on his phone, and that Mr. Ghouche offered him his registration despite the fact that he did not ask for it.

{¶11} In denying Mr. Ghouche's motion to suppress, the trial court relied on a number of factors. Included in those factors were: (1) the time of the stop (i.e., 2:35 a.m.); (2) the time it took Mr. Ghouche to bring his vehicle to a complete stop; (3) the fact that Mr. Ghouche made a wide turn when turning onto the side street; (4) Mr. Ghouche's speed, which – it noted – can be evidence of erratic driving; (5) Mr. Ghouche's red, glassy eyes; (6) the odor of alcohol; (7) Mr. Ghouche's inability to access his insurance information on his phone; and (8) Mr. Ghouche offering his registration despite not being asked for it.

{¶12} Initially, this Court takes issue with the trial court's reliance on Mr. Ghouche's speed, and the fact that he executed a wide turn onto the side street. Trooper Betzel specifically testified that Mr. Ghouche's speed was not an indicator of impairment. While "reasonable

suspicion is determined by an objective standard[,]" we cannot say that this standard allows a trial court to disregard an officer's testimony – which is based upon the officer's training and experience – regarding whether a particular fact is an indicator of impairment, and substitute its own opinion. *State v. Gaylord*, 9th Dist. Summit No. 22406, 2005-Ohio-2138, ¶ 9. Additionally, Trooper Betzel did not mention Mr. Ghouche's wide turn at the suppression hearing, much less testify that he considered it as an indicator of impairment. Notwithstanding, considering the totality of the circumstances and the remaining evidence before the trial court, including the late hour, the odor of alcohol emanating from the vehicle, and Mr. Ghouche's red, glassy eyes, competent, credible evidence existed to support the trial court's determination that Trooper Betzel had reasonable, articulable suspicion that Mr. Ghouche was driving under the influence of alcohol. *See State v. Sunday*, 9th Dist. Summit No. 22917, 2006-Ohio-2984, ¶ 31 (noting that the "late hour" contributed to the officer's reasonable suspicion); *State v. Tomko*, 9th Dist. Summit No. 19253, 1999 WL 1037762, *3 (Nov. 3, 1999) (concluding that the defendant's bloodshot eyes and the smell of alcohol contributed to the officer's reasonable suspicion). Mr. Ghouche's first assignment of error is overruled.

## ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED IN DENYING DEFENDANT'S MOTION TO SUPPRESS[] BECAUSE TROOPER BETZEL LACKED PROBABLE CAUSE TO ARREST DEFENDANT.

**{¶13}** In his third assignment of error, Mr. Ghouche argues that the trial court erred by denying his motion to suppress because Trooper Betzel lacked probable cause to arrest him. This Court disagrees.

**{¶14}** "[T]his Court reviews a probable cause determination de novo." *State v. Russo*, 9th Dist. Medina No. 09CA0009-M, 2009-Ohio-6914, ¶ 6, quoting *Sunday*, 2006-Ohio-2984, at ¶ 28.

Before an officer may effectuate a warrantless arrest, he must have probable cause that the suspect is engaging in criminal activity. *State v. McGinty*, 9th Dist. Medina No. 08CA0039-M, 2009-Ohio-994, ¶ 11. An officer has probable cause to arrest a person for driving under the influence of alcohol "if, at the moment of the arrest, the totality of the facts and circumstances within the officer's knowledge and of which he had reasonably trustworthy information were sufficient to warrant a prudent person in believing that the suspect had violated R.C. 4511.19." *State v. Kurjian*, 9th Dist. Medina No. 06CA0010-M, 2006-Ohio-6669, ¶ 17, quoting *In re V.S.*, 9th Dist. Summit No. 22632, 2005-Ohio-6324, ¶ 13.

{¶15} Notably, the "totality of the facts and circumstances can support probable cause for arrest even in the absence of the administration of field sobriety tests[,]" or "where the test results should have been excluded for lack of compliance with certain standards." *Russo* at ¶ 10; *State v. Keene*, 7th Dist. Mahoning No. 08 MA 95, 2009-Ohio-1201, ¶ 28; *see State v. George*, 9th Dist. Wayne No. 13CA0036, 2014-Ohio-4123, ¶ 7, quoting R.C. 4511.19(D)(4)(b) (providing the substantial-compliance standard). Additionally, we note that "[r]egardless of a challenge to field sobriety tests, a police officer may testify regarding his observations made during administration of the tests." *State v. Griffin*, 12th Dist. Butler No. CA2005-05-118, 2006-Ohio-2399, ¶ 11, citing *State v. Schmitt*, 101 Ohio St.3d 79, 2004-Ohio-37, ¶ 14-15. When a trial court erroneously fails to suppress the results of a field sobriety test, any error in that regard is rendered harmless if the officer otherwise had probable cause to arrest the defendant. *See State v. Calder*, 7th Dist. Monroe No. 08 MO 5, 2009-Ohio-3329, ¶ 47; *State v. Hessel*, 12th Dist. Warren No. CA2009-03-031, 2009-Ohio-4935, ¶ 22 ("Ohio courts have repeatedly found that even if a trial court erroneously fails to suppress the results of field sobriety tests, when ample evidence exists to support the arrest, this error is harmless.").

{¶16} Mr. Ghouche argues, in part, that Trooper Betzel lacked probable cause to arrest him because he failed to conduct the field sobriety tests in substantial compliance with the NHTSA standards. Even assuming, without deciding, that Trooper Betzel did not administer the field sobriety tests in substantial compliance with the NHTSA guidelines, Trooper Betzel still had probable cause to arrest Mr. Ghouche. As previously noted, Trooper Betzel testified that he stopped Mr. Ghouche's vehicle at approximately 2:35 a.m., that he observed an odor of alcohol coming from Mr. Ghouche's vehicle, and that he noticed that Mr. Ghouche's eyes were glassy and red. After Trooper Betzel asked Mr. Ghouche to step of out the vehicle, Mr. Ghouche admitted to drinking one beer two hours earlier, but later admitted to drinking two beers. Trooper Betzel also testified that Mr. Ghouche took eight steps instead of nine during the walk-and turn test, and that Mr. Ghouche made an improper turn and stepped off of the imaginary straight line. Trooper Betzel further testified that Mr. Ghouche raised his arms to balance during the one-leg-stand test, and that he hopped, swayed, and put his foot down. In light of this evidence, this Court concludes that the totality of the facts and circumstances indicate that Trooper Betzel had probable cause to arrest Mr. Ghouche for driving under the influence of alcohol. *See Russo* at ¶ 12 (concluding that the totality of the circumstances, including "the late hour, [the defendant's] bloodshot and glossy eyes, the immediate smell of alcohol upon approach, [the defendant's] admission to having had a few alcoholic beverages, and the officer's observations during the field sobriety tests," supported a finding of probable cause). Mr. Ghouche's third assignment of error is overruled.

ASSIGNMENT OF ERROR IV

DEFENDANT'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶17} In his fourth assignment of error, Mr. Ghouche argues that his conviction was against the manifest weight of the evidence. This Court disagrees.

{¶18}   When considering a challenge to the manifest weight of the evidence, this Court is required to consider the entire record, "weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986).   A reversal on this basis is reserved for the exceptional case in which the evidence weighs heavily against the conviction. *Id.*, citing *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983).

{¶19}   Mr. Ghouche argues that Trooper Betzel's dash cam video shows that he skillfully performed the field sobriety tests and demonstrates that he was not under the influence of alcohol. Mr. Ghouche also argues that the jury was overly influenced by his refusal to submit to a breathalyzer test, and that it relied too heavily on Trooper Betzel's testimony.

{¶20}   This Court's review of the dash cam video supports Trooper Betzel's testimony in several respects, including that Mr. Ghouche stepped off of the imaginary line during the walk-and-turn test, and that he swayed and hopped during the one-leg-stand test.   Additionally, this Court has no way of knowing whether Mr. Ghouche's refusal to submit to a breathalyzer test influenced the jury's decision, or which testimony from Trooper Betzel the jury believed.   The jury was "free to believe all, part, or none of the testimony of each witness[,]" including Mr. Ghouche's testimony regarding the events that transpired. *Prince v. Jordan*, 9th Dist. Lorain No. 04CA008423, 2004-Ohio-7184, ¶ 35.

{¶21}   Further, to the extent that Mr. Ghouche's assignment of error can be construed as arguing that the evidence weighed heavily in his favor absent Trooper Betzel's testimony regarding the results of the field sobriety tests (the admission of which Mr. Ghouche has challenged in his

second assignment of error), we find his argument unpersuasive. Even assuming that Trooper Betzel's testimony regarding the results of the field sobriety should have been excluded, ample evidence existed to support Mr. Ghouche's arrest and conviction. *See State v. Matus*, 6th Dist. Wood No. WD-06-072, 2008-Ohio-377, ¶ 27 ("When a trial court erroneously fails to suppress the results of field sobriety tests, if ample evidence exists to support the arrest and conviction, this error is harmless.").

{¶22} This Court "will not overturn the [jury's] verdict on a manifest weight of the evidence challenge only because the trier of fact chose to believe certain witness' testimony over the testimony of others." *State v. Hill*, 9th Dist. Summit No. 26519, 2013-Ohio-4022, ¶ 15. Having reviewed the record, this Court cannot say that this is the exceptional case where the evidence weighs heavily against conviction. Mr. Ghouche's fourth assignment of error is overruled.

ASSIGNMENT OF ERROR V

WHEN CONSIDERED IN THE LIGHT MOST FAVORABLE TO THE STATE, THE EVIDENCE PRESENTED AT TRIAL WAS NOT LEGALLY SUFFICIENT TO FIND DEFENDANT GUILTY BEYOND A REASONABLE DOUBT.

{¶23} In his fifth assignment of error, Mr. Ghouche argues that the State failed to present sufficient evidence to support his conviction for driving under the influence of alcohol. This Court disagrees.

{¶24} A sufficiency challenge of a criminal conviction presents a question of law, which we review de novo. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). "[T]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. Although we conduct de novo review, "we neither resolve evidentiary conflicts nor assess the credibility of

witnesses, as both are functions reserved for the trier of fact." *State v. Jones*, 1st Dist. Hamilton Nos. C-120570, C-120571, 2013-Ohio-4775, 2013 WL 5864591, ¶ 33.

**{¶25}** Section 4511.19(A)(1)(a), under which Mr. Ghouche was charged, provides that "[n]o person shall operate any vehicle * * * if, at the time of operation, * * * "[t]he person is under the influence of alcohol[.]" Mr. Ghouche argues that the State presented insufficient evidence to support his conviction because the only legitimate, admissible evidence in support of his conviction was that he was speeding, that Trooper Betzel observed an odor of alcohol upon approaching his vehicle, and that he admitted to consuming two beers over the course of several hours. Mr. Ghouche's argument ignores the fact that "[a]ll evidence offered by the State and admitted by the trial court, whether erroneously or not, can be considered to determine whether the evidence was sufficient to sustain the guilty verdict." *State v. Carter*, 7th Dist. Mahoning No. 15 MA 0225, 2017-Ohio-7501, ¶ 94. Viewing all of the evidence presented at trial in a light most favorable to the State, this Court concludes that a rational trier of fact could have found the essential elements of driving under the influence of alcohol proven beyond a reasonable doubt. Mr. Ghouche's fifth assignment of error is overruled.

### ASSIGNMENT OF ERROR II

> THE TRIAL COURT ERRED IN FINDING THAT THE FIELD SOBRIETY TESTS WERE CONDUCTED IN SUBSTANTIAL COMPLIANCE WITH NHTSA STANDARDS.

**{¶26}** In his second assignment of error, Mr. Ghouche argues that the trial court erred when it determined that Trooper Betzel conducted the field sobriety tests in substantial compliance with the NHTSA standards. He asserts that his conviction, therefore, should be vacated, but otherwise provides no argument within his assignment of error as to how the trial court's alleged error in this regard prejudiced him. This is significant given an appellant's burden on appeal, and

established case law indicating that a trial court's erroneous finding of substantial compliance can result in harmless error. *State v. Mastice*, 9th Dist. Wayne No. 06CA0050, 2007-Ohio-4107, ¶ 7 ("An appellant has the burden of demonstrating error on appeal."); *State v. Osborne*, 11th Dist. Lake Nos. 2018-L-124, 2018-L-125, 2018-L-126, 2019-Ohio-3235, ¶ 49 (collecting cases and concluding that the trial court's erroneous finding of substantial compliance resulted in harmless error). Given the limited argument presented and this Court's resolution of Mr. Ghouche's other assignments of error, none of which depend upon the admission of the results of the field sobriety tests, we conclude that Mr. Ghouche has not established that the trial court committed reversible error by determining that Trooper Betzel conducted the field sobriety tests in substantial compliance with the NHTSA standards. We, therefore, overrule his second assignment of error.

III.

{¶27} Mr. Ghouche's assignments of error are overruled. The judgment of the Medina Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Medina Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to

mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JENNIFER HENSAL
FOR THE COURT

SCHAFER, J.
CONCURS.

CARR, P. J.
CONCURRING IN JUDGMENT ONLY.

{¶28} I respectfully depart from the majority regarding its analysis of which facts are relevant to the reasonable suspicion analysis in the first assignment of error. Whether a police officer has reasonable suspicion is measured by courts objectively while taking into account the totality of the circumstances. *State v. Borum*, 9th Dist. Summit No. 27167, 2014-Ohio-5639, ¶ 11. It is well settled that "the circumstances surrounding the stop must 'be viewed through the eyes of a reasonable and cautious police officer on the scene, guided by his [or her] experience and training.'" *State v. Bobo*, 37 Ohio St.3d 177, 179 (1988), quoting *United States v. Hall*, 525 F.2d 857, 859 (D.C. Cir.1976). There is no dispute that an officer's training and experience can aid the officer in detecting the existence of specific and articulable facts that are relevant to whether further investigation is justified. *State v. Gaylord*, 9th Dist. Summit No. 22406, 2005-Ohio-2138, ¶ 9. While a reasonable and cautious police officer may rely on his or her training and experience in discerning the existence of an articulable fact, however, an officer's subjective belief regarding the probative value of a particular fact is not relevant to a court's reasonable suspicion analysis.

*See also State v. Jones*, 4th Dist. Washington No. 11CA13, 2012-Ohio-1523, ¶ 15 (noting that the standard is objective and the officer's own subjective belief or conclusion regarding the existence of reasonable suspicion is not relevant.).

{¶29} In this case, I would conclude that the trial court's reliance on the fact that Ghouche was speeding was an appropriate consideration under its reasonable suspicion analysis. This Court has recognized that speeding is a factor that can be considered under the totality of the circumstances when making a determination whether a driver is impaired. *See State v. Spees*, 9th Dist. Summit No. 17CA0061-M, 2018-Ohio-2568, ¶ 34 (noting the fact that a driver was speeding in the middle of the night supported an officer's decision to arrest a driver for driving under the influence). There is no doubt that Ghouche was speeding in this case, though Trooper Betzel expressed a subjective belief that Ghouche's speeding was not indicative of impairment. While Trooper Betzel's subjective belief as to the probative value of that particular fact was indeed rooted in his training and experience, his subjective belief in that regard does not negate the fact of Ghouche's speeding, which was supported by competent, credible evidence. Accordingly, Trooper Betzel's subjective belief did not preclude the trial court from considering that fact in determining whether reasonable suspicion existed to prolong the traffic stop.

{¶30} Furthermore, assuming arguendo that the trial court's finding that Ghouche took a wide left turn was supported by competent credible evidence, that fact would also be relevant to the trial court's reasonable suspicion analysis as it further evidences impaired driving.

{¶31} I concur in judgment only with respect to the remainder of the opinion.

APPEARANCES:

JOSEPH C. PATITUCE, MEGAN M. PATITUCE, and CHRISTOPHER WOODWORTH, Attorneys at Law, for Appellant.

J. MATTHEW LANIER, Prosecuting Attorney, for Appellee.